UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Civil No. 18-2998 (DWF/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Mayo Clinic and Robert J. Spinner, | |
| Defendants. | |

Vytas M. Rimas, Esq., Rimas Law Firm, PLLC, counsel for Plaintiff.

George R. Wood, Esq., Katherine Nyquist, Esq., and Stephanie D. Sarantopoulos, Esq., Littler Mendelson, PC, counsel for Defendants.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Count X of the Amended Complaint brought by Defendant Mayo Clinic. (Doc. No. 9.) In Count X of his Amended Complaint, Plaintiff Mohamed Elsherif asserts a cause of action against Defendant Mayo Clinic for breach of contract. (Doc. No. 5.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

In this case Plaintiff alleges twenty counts against Defendants Mayo Clinic and Richard J. Spinner related to Plaintiff's work as a Research Temporary Professional ("RTP") in the Research Department of the Mayo Clinic, located in Rochester,

Minnesota.  (Doc. No. 5 (Am. Compl.) ¶¶ 2, 9; Doc. No. 7 (Defs.' Answer) ¶¶ 2, 9.)  As Defendants concede, Plaintiff completed a one-month observation period as an RTP before accepting appointments for the same position for one-year terms set for approximately August 1, 2015 to July 31, 2017.  (Defs.'. Answer ¶¶ 11, 12.)  Plaintiff's employment with Defendants ended on July 7, 2017.  (Am. Compl. ¶¶ 9, 32.)

Count X of the Amended Complaint alleges that the parties "entered into various agreements" that imposed obligations upon Defendant Mayo Clinic with respect to the conditions of Plaintiff's employment.  (Am. Compl. ¶¶ 120, 121.)  Plaintiff further alleges that several policies maintained by Defendant Mayo Clinic such as its anti-discrimination policy, grievance policy, and code of conduct defined the terms and obligations of the parties' employment agreement.  (Am. Compl. ¶¶ 49-54.)  Each of the policies referenced in the Amended Complaint contains three similarly-worded disclaimers, including statements that the policies are "subject to change at any time." (Doc. No. 13 ("Campbell Decl."), Exs. 1-7.)  The policies contain identical disclaimers that "[t]he contents of this policy are not intended to constitute a contract of employment," and that "[b]oth Mayo Clinic and the individual may terminate the employment relationship at any time."  (Campbell Decl. at 2, 5, 9, 14, 18, 21, 27, 31.)

Defendant Mayo Clinic now moves to dismiss Plaintiff's claim for breach of contract under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

3

## II. Breach of Contract

Under Minnesota law, the elements of a breach of contract claim are: (1) formation of a valid contract; (2) performance of conditions precedent by the plaintiff; and (3) breach of the contract by the defendant. *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014). A valid contract contains the elements of "offer, acceptance, and bargained for consideration." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 850 (8th Cir. 2014). A contract further requires a "meeting of the minds concerning its essential elements." *Minneapolis Cablesystems v. City of Minneapolis*, 299 N.W.2d 121, 122 (Minn. 1980). "An employer's general statements of policy are no more than that and do not meet the contractual requirements for an offer." *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 626 (Minn. 1983). Minnesota law precludes an employee from claiming contract rights under a handbook that expressly disclaims the creation of such a binding contract. *Landers v. Nat'l R.R. Passenger Corp.*, 345 F.3d 669, 674 (8th Cir. 2003) (*citing Feges v. Perkins Restaurants*, 483 N.W.2d 701, 701 (Minn. 1992)). To prevail on a claim of breach of contract, a plaintiff must prove the requisite three elements above plus damages. *MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n*, 546 F.3d 533, 540 (8th Cir. 2008); *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000).

Plaintiff relies upon the seminal *Pine River* opinion, but the circumstances in this case can be distinguished because the manual examined by the Court in *Pine River* did not disclaim the creation of a binding contract. (Doc. No. 18 ("Plaintiff's Memo") at 7; *see Pine River State Bank v. Mettille*, 333 N.W.2d 622, 626 (Minn. 1983).) Significantly,

Plaintiff did not point to a specific employment agreement until his response to Defendant Mayo Clinic's motion to dismiss, in which Plaintiff articulates the allegation that "annual fixed term fellowships are employment contracts." Plaintiff's Memo at 1.[1] In the Amended Complaint, Plaintiff's allegations rely not upon any written employment contract with Defendant Mayo Clinic, but instead rely upon a set of policies which expressly disclaim any intent to form a contract and expressly state that either party may end the employment at any time. These disclaimers preclude Plaintiff from asserting the existence of a contract based on Defendant Mayo Clinic's policies.

As noted above, this Court is not required to accept Plaintiff's legal conclusions. *Westcott*, 901 F.2d at 1488. Plaintiff asserts that he and Defendant Mayo Clinic entered into an employment contract but has not presented facts to support this assertion which are sufficient to withstand dismissal, even assuming that all facts asserted are true and construing all reasonable inferences in favor of Plaintiff. As a result, Plaintiff's breach of contract claim fails as a matter of law.

---

[1] These "fixed term fellowships" are not referenced in the Amended Complaint beyond what can be inferred from the dates of employment provided. (*See* Am. Compl. ¶ 9.) Plaintiff attempts to reinforce his earlier pleadings with an additional affidavit and exhibits. (Doc. No. 19 ("Elsherif Decl."), Ex. 1; Doc. No. 20 ("Request for Judicial Notice"), Ex. 1.) These additional materials do not factor into the Court's consideration of this Motion to Dismiss as they are matters outside the pleadings, and thus barred under Fed. R. Civ. P. 12(b)(6). However, even if they were taken into consideration, under the analysis applied they would not change the Court's conclusion.

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Mayo Clinic's Motion to Dismiss Count X of the Amended Complaint (Doc. No. [9]) is **GRANTED** and Count X is **DISMISSED WITH PREJUDICE**.

Dated: April 5, 2019

<u>s/Donovan W. Frank</u>
DONOVAN W. FRANK
United States District Judge