# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Case No. 18-cv-2998-DWF-KMM |
| Plaintiff, | **ORDER** |
| v. | |
| Mayo Clinic, et al., | |
| Defendants. | |

This matter is before the Court on plaintiff Dr. Mohamed Elsherif's Amended Motion for Protective Order (ECF No. 88) and Defendant Mayo Clinic's Motion for Sanctions (ECF No. 97.) A hearing was held on both motions on December 17, 2019. The Court heard oral argument on the matter and then ruled on the record at the hearing. The Court carefully explained its reasoning during its ruling from the bench, and this order is intended to briefly restate that ruling.

## I.  Amended Motion for Protective Order

The Court GRANTED IN PART, DENIED IN PART and TOOK UNDER ADVISEMENT IN PART Dr. Elsherif's Amended Motion for Protective Order. Specifically, the Court granted Dr. Elsherif's request to extend the discovery period with the modification that the fact discovery period be extended to **March 31, 2020**, in recognition of the unique challenges of pursuing litigation from a different country. The Court did not extend other deadlines during its ruling from the bench, but finds that further modification of the scheduling order is warranted in light of the fact discovery extension. Expert discovery, including depositions, shall be completed by **April 15, 2020**. Non-dispositive motions and supporting documents, including those which relate to fact discovery and leave to assert punitive damages (if applicable) shall be filed and served on or before **April 22, 2020**. The dispositive motions deadline is extended to **May 20, 2020**.

The Court denied several requests contained within the Motion for Protective Order. First, the Court denied Dr. Elsherif's request for a stay. Mr. Elsherif's

immigration status, while certainly a complicating factor in this litigation, does not warrant a stay of any length.  This litigation must move forward.  Second, to the extent that any request was made that Dr. Elsherif's depositions of Mayo representatives be completed before Mayo's deposition of Dr. Elsherif, that request was denied.  Third, the Court denied Dr. Elsherif's request that Mayo pay for an interpreter for Dr. Elsherif at the deposition.  Dr. Elsherif performed advanced neurosurgical research for one of the top United States medical institutions and has lived in the United States for several years.  Though Arabic may be the language Dr. Elsherif feels most comfortable with, there is nothing before the Court to suggest that Dr. Elsherif cannot competently participate in his deposition in English.  If Dr. Elsherif chooses to have an interpreter at his deposition, it must be at his own expense.  Fourth, the Court denied Dr. Elsherif's request for a protective order preventing Mayo from pursuing discovery related to his immigration status.  Dr. Elsherif has put his immigration status in issue.  It is relevant to the case itself, particularly any damages claims Dr. Elsherif has.  And, given the new developments that have led to Dr. Elsherif currently being stuck in Egypt, his immigration status is relevant to his ability to litigate this case.

Finally, the Court takes under advisement Dr. Elsherif's request to be deposed in Egypt, either remotely or at a live deposition.  Counsel from both parties highlighted a number of immigration, international law, technological, and other logistical challenges that all stem from depositing an international witness, particularly one currently located in a country not subject to the Hague Convention on Evidence.  Counsel are ordered to meet and confer in order to further discuss potential solutions to this difficult problem.  They are also encouraged, but not required, to submit additional letter briefs highlighting additional facts or legal authority regarding this issue, as well as any potential solutions explored by counsel during their meet and confer.  These optional letter briefs are due **January 3, 2020**.

## II.     Motion for Sanctions

The Court DENIED Mayo's Motion for Sanctions.  It found that Dr. Elsherif and his attorney, Vytas Rimas, had a good faith basis for concern regarding the Egyptian privacy law that they believed prevented Dr. Elsherif from participating in discovery.  The affidavits provided by Mr. Rimas and Dr. Elsherif demonstrated the difficulty in obtaining a definitive answer regarding the law from Egyptian attorneys.  And when it became clear that the law had actually not yet been enacted, Mr. Rimas

and Dr. Elsherif withdrew the portion of the Motion for Protective Order that sought to prevent Dr. Elsherif from participating in discovery based on the privacy law. Furthermore, the Court recognizes that Mayo would have had to undertake work responding to other portions of Dr. Elsherif's Motion even if the portion regarding the privacy law had not been included. Therefore, in these unique circumstances, sanctions were not warranted.

### III. Order

Based on the foregoing, **it is hereby ordered**:

1. Dr. Elsherif's Amended Motion for Protective Order, ECF No. 88, is **GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART**, as follows:

    a. Fact discovery is extended until **March 31**. Expert discovery, including depositions, shall be completed by **April 15, 2020**. Non-dispositive motions and supporting documents, including those which relate to fact discovery and leave to assert punitive damages (if applicable) shall be filed and served on or before **April 22, 2020**. The dispositive motions deadline is extended to **May 20, 2020**.

    b. Dr. Elsherif's request for a stay is DENIED.

    c. Dr. Elsherif's request that Dr. Elsherif's depositions of Mayo representatives be completed before Mayo's deposition of Dr. Elsherif is DENIED.

    d. Dr. Elsherif's request that Mayo pay for an Arabic interpreter at his deposition is DENIED.

    e. Dr. Elsherif's request for an order barring Mayo from conducting discovery into his immigration status is DENIED.

    f. Mayo Clinic and Dr. Elsherif will be responsible for their own respective expenses regarding Dr. Elsherif's deposition.

    g. Dr. Elsherif's request to be deposed in Egypt, either remotely or at a live deposition is TAKEN UNDER ADVISEMENT. Counsel for

each party are ORDERED to meet and confer to work to resolve this issue.  Additional letter briefs are optional, but may be submitted by **January 3, 2020**.

2. Mayo's Motion for Sanctions, ECF No. 97, is **DENIED**.

Date:  December 19, 2019          *s/ Katherine Menendez*
                                  Katherine Menendez
                                  United States Magistrate Judge