# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Case No. 18-cv-2998-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Mayo Clinic, et al., | |
| Defendants. | |

This matter is before the Court due to continuing disagreements between the parties regarding both where Dr. Elsherif's deposition should occur and who should pay the expenses associated with that deposition. On December 17, 2019, the Court ruled that each side should bear their own expenses for the deposition of Dr. Elsherif. (*See* ECF No. 130.) And on January 10, 2020, the Court ordered that deposition to be performed live in Tanta, Egypt, remotely, or otherwise accomplished via written questions. (ECF No. 150.) Both of these orders were appealed to the district court. (ECF Nos. 131, 155.)

## I. Plans for the Deposition

In an effort to complete discovery despite the pending appeals, Mayo has begun preparations for Dr. Elsherif's deposition, currently scheduled for March 13, 2020. In making those preparations, Mayo learned several things that made Tanta a much more difficult place to depose Dr. Elsherif, and Cairo a more viable place, than previously believed. Specifically, they learned that Tanta has no location that can accommodate a dedicated video feed, which Mayo seeks to use to provide a more reliable video connection than a typical internet video service to Mayo's representatives and attorneys who will be viewing the deposition from the United States. Cairo, however, has locations with the infrastructure in place to provide such a feed via a foreign deposition company called Optima Juris. Mayo has also learned they may lawfully take the deposition at other places than the United States Embassy in Cairo, which had previously been believed to be untrue. (*See* Jan. 10 Order, ECF No. 150.) Because the previous logistical barriers to conducting the deposition in

1

Cairo are no longer a concern, and because new challenges in having the deposition in Tanta have arisen, Mayo now asks that the Court modify its previous order to permit the deposition to occur in Cairo.[1]

Dr. Elsherif opposes Mayo's request because Mayo refuses to permit his attorney, Mr. Rimas, to attend the deposition via the video feed set up for Mayo's own use. To be clear, Mayo does not oppose (and could not oppose) Mr. Rimas's participation in the deposition. It just does not extend an invitation to its own Optima Juris video feed, which will be used by co-counsel and Mayo representatives at their attorney's office, starting at 1:00 am. on the day of the deposition. Dr. Elsherif argues that Mayo must permit his attorney to participate in the deposition by using their video feed. Dr. Elsherif does not oppose the Cairo deposition on any other grounds.

## II. Analysis

Having carefully reviewed the unique factual landscape of this case and the relevant legal framework, the Court determines that Dr. Elsherif's deposition should occur in Cairo and that each side should continue to bear their own costs.[2] The new facts available to the parties and the Court indicate that Cairo is the most feasible location available for several reasons. Not only is it more accessible to Mayo's team than Tanta, but it is close enough to Tanta to be workable for Dr. Elsherif. Also, Cairo enables Mayo to have a better video feed and video recording. And previously

---

[1] Instead of clearly requesting permission to file a motion to reconsider according to Local Rule 7.1(j), Mayo made its request for reconsideration by filing a letter to the Court. (ECF No. 157.) Despite the opportunity to do so, Dr. Elsherif did not object to this procedural path until the telephonic conference held to discuss the request on February 20, 2020. All parties have had ample opportunity to present written arguments and oral argument to the Court on this matter, and the Court has carefully considered them all. Furthermore, the Court has found that compelling circumstances, namely the change in logistics for a deposition in Cairo, made reconsideration appropriate. Therefore, in the interest of pragmatism and efficiency, the Court treats Mayo's request as though it had been properly filed.

[2] The relevant legal framework was explored in the Court's previous orders and will not be fully restated here. In sum, the Court has the discretion to prescribe discovery methods and specify the "terms, including time and place, or the allocation of expenses" in the disclosure of discovery. Fed. R. Civ. P. 26(c)(1).

feared legal barriers to the Cairo deposition do not exist.  Further, Dr. Elsherif does not demonstrate that Cairo is unworkable for any reason.

Second, while the Court recognizes that Mayo permitting Mr. Rimas to sit in on the deposition via their video feed would be a simple solution to this issue, and a matter of minor inconvenience in the name of professional courtesy, the Court will not order Mayo to do so.  Dr. Elsherif has not shown any legal basis for the Court to order Mayo to share its video feed, and the Court has found none.  And Mayo's position is that Mr. Rimas's presence in their office during the video feed would impinge on their attorney-client communications.  Though Dr. Elsherif argues that Mayo should pay for his deposition expenses, the Court has already ruled to the contrary and this issue is now squarely before the district judge on appeal.

Even without access to Mayo's private video feed, Dr. Elsherif may still be represented by his attorney and communicate with him.  Mr. Rimas can observe the deposition and speak to his client via remote means such as his own web-based video conferencing system, phone line, text messaging, any combination thereof, or any other method he chooses.  He can also pay the same video link service used by Mayo for his own highest-quality video feed.  Dr. Elsherif has not demonstrated that these methods will render representation by Mr. Rimas ineffective or nonexistent.  The mere fact that Mayo has chosen a costly and highly advanced method to communicate with its counsel during the deposition does not mean that Dr. Elsherif's counsel is somehow entitled to share that technology.

The Court expects that Mayo's attorney will act with professional courtesy towards Mr. Rimas while conducting the deposition, as would be expected in any deposition, and pause when requested so that Mr. Rimas may privately consult with his client as necessary.  The Court also expects both parties to be mindful of potential technological malfunctions and work courteously to solve them to ensure that Dr. Elsherif is not rendered unrepresented during the deposition due to technological failings.

## II. Order

Based on the foregoing, **it is hereby ordered**:

1. The Court's Order on Deposition Location (ECF No. 150) is MODIFIED ONLY AS FOLLOWS: Dr. Elsherif's deposition may be taken live in Cairo, Egypt, in addition to the options already permitted by the Order.

2. Dr. Elsherif's request that Mayo be ordered to permit his attorney, Mr. Rimas, to attend the deposition via their video conference, is DENIED.

Date: February 28, 2020

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge