# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Case No. 18-cv-2998-DWF-KMM |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Mayo Clinic, et al., | |
| Defendants. | |

This matter is before the Court on Dr. Elsherif's Motion to Take Defendants' Depositions Out of Time Due to COVID-19. ECF No. 210. Among other justifications for the continuance, counsel for Dr. Elsherif asserts that he and his family are in high-risk groups for COVID-19, and his time is currently spent managing that emergency. ECF No. 214. The defendants oppose the motion, preferring to proceed with the depositions as scheduled. ECF No. 211.

The discovery deadlines in this case will be extended, and the depositions must be rescheduled. It is essential that all Minnesotans work together to slow the spread of this terrible pandemic. In addition, counsel and litigants need to be patient and understanding with one another, and they should work cooperatively to adjust schedules as needed. The disruption caused by the pandemic, and the greater disruption that is likely in the next few days, are extraordinary. The impact on "business as usual," particularly for smaller law firms and solo practitioners who do not have large support staffs and advanced technological systems that make a transition to remote work much easier, cannot be overstated. Moreover, it is hard to imagine a more appropriate showing of good cause to extend the deadlines than plaintiff's counsel's need to provide assistance to family members who are at a greater risk of complications should they be exposed to the virus currently disrupting nearly every aspect of daily life in this country. Fed. R. Civ. P. 16(b)(4).

Here, pressing ahead with depositions next week over a request to postpone them is simply unnecessary. The defendants are understandably eager to conclude this litigation. Candidly, given the acrimony that has at times infused this litigation, the

Court also looks forward to its conclusion. But aside from the delay of that goal, the defendant offers no evidence that there will be any meaningful prejudice caused by a postponement of the two remaining depositions.

Finally, the Court briefly addresses the Motion to Compel that was added to Dr. Elsherif's amended motion. ECF 213. It appears from the briefing that this Motion was quietly added without an attempt to appropriately meet and confer on the issue. Because it is not urgent that the Court make a determination on this aspect of Dr. Elsherif's motion, the Court will not address it at this time. The parties should include any issues related to a potential 30(b)(6) deposition in their discussions about scheduling.

Therefore, **IT IS HEREBY ORDERED THAT**:

1. Dr. Elsherif's request to postpone the depositions at issue until a later date is **GRANTED**.

2. The deadlines contained in the scheduling order are temporarily stayed, including the modification to the March 31, 2020 fact discovery deadline reflected in the Court's December 19, 2019 Order. ECF No. 130, Part I.

3. Counsel must meet and confer about when those depositions might be set, and must then file a stipulation regarding any needed adjustments to the schedule. In light of the rapidly evolving situation with COVID-19 in the State of Minnesota, the Court will not require the submission of such a scheduling proposal for 30 days. If counsel cannot agree about those adjustments, the Court will hold a telephonic status conference.

Date: March 24, 2020  *s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge