# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Case No. 18-cv-2998-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Mayo Clinic, et al., | |
| Defendants. | |

This matter is before the Court on Mayo Clinic's Motion to Compel and Motion for Protective Order (ECF No. 230). The Court held a telephonic motion hearing on April 24, 2020 and made several rulings on the record. This Order is intended to briefly restate those holdings.

The Court made some provisional rulings that implicate both Mayo's motion and a related a Motion to Compel filed by Dr. Elsherif. (ECF No. 237.) Therefore, the Court gave both parties time to make arguments before making the following provisional rulings. First, the Court declined, at this time, to require postponement of the currently-scheduled depositions. Therefore, the Court held that Mayo must provide the contact information of Lynn Pletta to Dr. Elsherif's counsel, in order to facilitate the logistics of her pending deposition. Second, the Court held that Mayo Clinic must produce any electronic copies of stickered deposition exhibits that already exist to Dr. Elsherif. However, Mayo need not create electronic copies of stickered deposition exhibits if they do not currently exist. Additionally, if Mayo has a document that was used as an exhibit but not previously provided in discovery, Mayo should produce an electronic version of that document. Finally, Dr. Elsherif's counsel agreed to email deposition exhibits to witnesses and opposing counsel in advance of the deposition. Counsel for Mayo agreed not to review the documents prior to the depositions and to instruct its witnesses to do the same.

Second, the Court granted Mayo Clinic's Motion for Protective Order regarding the late-served discovery served by Dr. Elsherif on April 11, 2020. Federal Rule of Civil Procedure 26(c) permits a court to issue a protective order forbidding or

limiting discovery for good cause. Here, the Court found good cause to issue the protective order because the requested discovery is untimely. Interrogatories, requests for admission, and document requests needed to be served so that they could be completed by the discovery deadline of March 31, 2020. Thus, they were untimely after March 1st, 2020. Though the Court's March 24, 2020 Order stayed discovery deadlines, that does not alter the Court's conclusion regarding the timeliness of this discovery for two reasons. First, the stay went into effect more than three weeks after the discovery was already untimely. Second, though the language of the stay did not specify that it was solely to permit depositions that were delayed due to the COVID-19 crisis, it was clear via the discussions between the Court and counsel that the only purpose of the delay was to enable the depositions to be arranged remotely in light of COVID-19. There was no contemplation that the stay or any later extension of the discovery deadling would permit additional late-served discovery.

Furthermore, the Court found that there was no good cause to permit the late-served discovery. To do so would require a modification of the scheduling order under Rule 16(b)(4); *Ellingsworth v. Vermeer Manufacturing Co.*, -- F.3d ---, 2020 WL 615049 at *2 (8th Cir. 2020); *Kmak v. American Century Companies, Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017). "The primary measure of good cause is the movant's diligence." *Kmak*, 873 F.3d at 1034 (quoting *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). Dr. Elsherif argued that his own deposition created new lines of inquiry that justified the new lines of discovery—in other words, that could not have been anticipated before his deposition in late March. The Court disagreed. Dr. Elsherif had access to all of the information revealed at his own deposition because he was the one that revealed it. A new understanding of the opponent's strategy is not good cause to modify a scheduling order to permit additional new discovery.

Finally, the Court ordered the parties to meet and confer regarding the dispute about Mayo's assertion of attorney-client privilege, focusing on those entries that involve Ms. Pletta, due to her impending deposition. The Court encouraged the parties to find consensus as much as possible ahead of the upcoming telephonic hearing regarding Dr. Elsherif's discovery motions.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Mayo Clinic's Motion to Compel Depositions is GRANTED.

2. Mayo Clinic's Motion for Protective Order is GRANTED. Mayo Clinic need not respond to the discovery served by Dr. Elsherif on April 11, 2020.

3. Mayo Clinic is ORDERED to provide the contact information of Lynn Pletta to Dr. Elsherif's counsel.

4. Mayo Clinic is ORDERED to provide any electronic copies of stickered deposition exhibits that already exist to Dr. Elsherif. However, Mayo need not create electronic copies of stickered deposition exhibits if they do not currently exist. Additionally, if Mayo has a previously undisclosed document in electronic form, but it is not stickered, Mayo should produce that electronic document as it exists.

5. Dr. Elsherif is ORDERED to email deposition exhibits to opposing counsel and witnesses in advance of the scheduled depositions. Opposing counsel and witnesses may not review the exhibits prior to the deposition.

Date: April 28, 2020

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge