UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Case No. 18-cv-2998-DWF-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Mayo Clinic, et al., | |
| Defendants. | |

This matter is before the Court on several discovery-related motions and a motion to disqualify counsel filed by Dr. Elsherif. (ECF Nos. 237, 245, 255.) The Court held a telephonic motion hearing on April 30, 2020 and made several rulings on the record. This Order is intended to briefly restate those holdings.

## I.     Motion for Discovery

The Court granted in part and denied in part Dr. Elsherif's Motion for Discovery, Motion to Compel, and Motion for Sanctions (ECF No. 237). First, the parties indicated that they had resolved the issues regarding interrogatories 1, 10, 12, 33, 34, and 35. Therefore, the Court denied the motion as to these as moot. Next, the Court determined that the subject of interrogatory 22, the Schwannamatosis research project that Dr. Elsherif participated in, was relevant and should be produced. Due to the highly confidential nature of the patient medical information contained within that document, the Court ordered it produced as Attorneys Eyes Only. The Court then held that the documents sought in interrogatory 24 were protected under attorney-client privilege and the work-product doctrine, and therefore did not need to be produced. Next addressing document request 7, which sought employee assistant program ("EAP") records for Dr. Elsherif, the Court found that Dr. Elsherif, not Mayo, was in the best position to retrieve those records. Thus, the Court denied the motion to compel those records.

The Court next reviewed several issues regarding the privilege log produced by Mayo. Dr. Elsherif sought production of many of the documents as improperly

1

withheld, an updated privilege log with additional information explaining the reason the documents were withheld, and sanctions for producing an insufficient privilege log. The Court held that the privilege log was appropriate, and that no supplemental log or sanctions were warranted.

Federal Rule of Civil Procedure 26(b)(5) states that when a party withholds information on the basis that it is privileged or otherwise protected, they must "expressly make the claim; and… describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." A privilege log that indicates the author/source of the document, recipients (including CCs), date, the specific privilege asserted, and the bates number of any produced version, is sufficient to meet the requirements of Rule 26(b)(5). *BreathableBaby, LLC v. Crown Crafts, Inc.*, No. 12cv94 (PJS/TNL), 2013 WL 3350594 at *9 (D. Minn. May 31, 2013). The log produced by Mayo contained all of this information, and with the exception of a small handful of documents, allowed the Court to evaluate the claim of privilege.

The Court found that the vast majority of the documents listed on the privilege log were properly designated. Additionally, the Court ordered document numbers LIT6356, LIT6357, Mayo_004003–05/LIT6250, and LIT6199 to be provided for in-camera review. After review, the Court ordered a small portion of Mayo_004003–05/LIT6250 to be produced unredacted. The Court determined that the rest of the documents were protected by privilege or the work-product doctrine. Accordingly, the Court denied the motion to compel and motion for sanctions with respect to the privileged documents.

## II.    Motion to Disqualify

Dr. Elsherif sought to disqualify Mayo's counsel, Littler Mendelson, from representing its former employee, Lynn Pletta, in her deposition. In addition to being a fact witness, Ms. Pletta is designated as a 30(b)(6) witness for Mayo. The Court determined that there was no basis to prevent Littler from representing Ms. Pletta for the limited purposes of her deposition.

Dr. Elsherif argued that Mayo was improperly using Littler's representation of Ms. Pletta to obstruct evidence in violation of Minnesota Rule of Professional Conduct 3.4(a). Dr. Elsherif's main support for this assertion was that Mayo had

asserted privilege over the record of some communications that Ms. Pletta was involved in while she was employed by Mayo. The Court declined to adopt such an overarching view of obstructionist behavior on behalf of Mayo. Looking at the individual behavior of Mayo and its representation, there is no basis to do so. Mayo holds the privilege over the communications at issue regardless of whether its attorneys represent Ms. Pletta, and as discussed above, the assertion of that privilege is proper. There is no support for the idea that robustly asserting privilege is somehow obstructive conduct. Further, the record shows that there are a great number of disclosures involving Ms. Pletta, and indeed, she is being produced for a deposition. This is not obstructionist behavior. Finally, Ms. Pletta's privileged communications between her and her counsel would be protected regardless of who the attorney was.

The Court also highlighted that Dr. Elsherif had not brought an independent challenge against Mayo's designation of Ms. Pletta as a 30(b)(6) witness. As a human resources employee while at Mayo, it is likely she has relevant information regarding Dr. Elsherif's termination. There is no evidence that Mayo designated Ms. Pletta in order to control her. Indeed, Mayo has less control over Ms. Pletta than they would over their own party or a current employee.

In sum, the Court found that the extraordinary step of disqualification was not warranted under these circumstances. Accordingly, it denied Dr. Elsherif's motion for disqualification.

## III.   Motion for Extension of Time and for Protective Order

Although not specifically discussed during the April 30th hearing, Dr. Elsherif also sought an extension of the discovery period in order to accommodate discovery filed on April 11, 2020, and a protective order preventing Mayo from executing its subpoena on the University of Minnesota. (ECF No. 255.) The Court finds that both of these issues are now moot. The Court previously granted a protective order to Mayo to prevent it from being required to respond to the April 11, 2020 discovery, which the Court found was untimely. (Order, ECF No. 271.) And Mayo indicated during the hearing that it withdrew its subpoena to the University of Minnesota. Therefore, the Court denies this motion as moot.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Dr. Elsherif's Motion for Discovery, Motion to Compel, Motion for Sanctions (ECF No. 237) is GRANTED IN PART and DENIED IN PART.

    a. The motion to compel supplemental responses to interrogatories 1, 10, 12, 33, 34, and 35 are DENIED as moot. The Court appreciates the parties' efforts in resolving these disputes prior to the hearing.

    b. The motion to compel a supplemental response to interrogatory 22 is GRANTED. The Schwannamatosis project shall be produced as Attorney's Eyes Only as defined under the Protective Order in place for discovery in this case.

    c. The motion to compel a supplemental response to interrogatory 24 is DENIED.

    d. The motion to compel document request 7, Dr. Elsherif's Employee Assistance Program ("EAP") records, is DENIED.

    e. The motion to compel the production of documents previously withheld on the basis of privilege is DENIED IN PART and GRANTED IN PART. A portion of Mayo_004003–05/LIT6250, previously produced with redactions, must be re-produced unredacted. The remaining documents are protected.

2. Dr. Elsherif's Motion to Disqualify Counsel, Motion for Protective Order, Motion for Sanctions (ECF No. 245) is DENIED.

3. Dr. Elsherif's Motion for Extension of Time to Complete Discovery, Motion for Protective Order (ECF No. 255) is DENIED.

Date: May 4, 2020

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge