UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Elsherif, | Case No. 18-cv-2998-DWF-KMM |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Mayo Clinic, et al., | |
| Defendants. | |

This matter is before the Court on a Motion for Order to Show Cause filed by the plaintiff, Dr. Elsherif, for sanctions and an order of contempt against the defendant Mayo Clinic. (ECF No. 259.) After careful consideration, the Court denies the motion.

## I.   FACTUAL BACKGROUND

Dr. Elsherif cites two separate occurrences during discovery that he believes warrant a finding of contempt and issuance of sanctions. The first involves the defendants' First Motion to Dismiss (ECF No. 185). In the supporting documents, the defendants cited materials that were designated confidential under the protective order, but filed those materials publicly. When the plaintiffs first brought this matter to the attention of defendants, the defendants refused to seal the document. This Court ordered the documents refiled as a sealed document during a status conference.

The second occurrence involves a subpoena sent by Mayo Clinic to non-party the University of Minnesota. On July 19, 2019, this Court granted a protective order prohibiting Mayo from subpoenaing the University of Minnesota regarding contact that the University had had with Dr. Elsherif. (Order, ECF No. 42.) The Court found that permitting the subpoena would be unusually burdensome on Dr. Elsherif because he had been hired by the University, but had not yet started work due to his immigration status. (*Id.* at 3.) The Court found that a subpoena could endanger Dr. Elsherif's job prospects, and that the information sought by that specific subpoena could be obtained as effectively through the other, permitted, subpoenas. (*Id.* at 3–4.)

1

During Dr. Elsherif's deposition on March 20, 2020, Mayo learned that while employed at Mayo, Dr. Elsherif was scheduled to be at meetings at the University of Minnesota on May 22–23, 2017. (ECF No. 233-1 at 10–17.) Dr. Elsherif was absent from Mayo on those dates, but told Mayo that he was absent because of an emergency appendectomy. (*Id.* at 6.) During his deposition, Dr. Elsherif explained that he had not had an appendectomy, but instead was suffering from suicidal ideation, which caused him to be absent on those days. (*Id.* at 7–8.) He also said that he did not attend the meetings at the University of Minnesota those days as originally scheduled. (*Id.*) However, Mayo believed it had evidence that Dr. Elsherif had confirmed the meetings. It wanted to subpoena the University of Minnesota to learn whether Dr. Elsherif had attended the meetings.

Discovery in this case was scheduled to end on March 31, 2020, but was temporarily stayed on March 24, 2020. Believing that only discovery served on or before March 31, 2020 would be considered timely, Mayo felt it needed to act quickly to get additional information from the University. On March 30, 2020, Mayo served a Notice of Subpoena Duces Tecum on the University of Minnesota. Dr. Elsherif has now objected to the subpoena on the basis that it violated the Court's earlier order, and asserted anew that it could interfere with Dr. Elsherif's employment opportunities at the University. In its response, Mayo explains that it served the subpoena as a "placeholder"; Mayo's counsel anticipated a discovery dispute regarding the subpoena, but believed it needed to serve the subpoena before March 31.

Mayo brought the subpoena to this Court's attention before Dr. Elsherif did, on April 16 in a letter to the Court regarding unresolved discovery disputes. Dr. Elsherif filed this motion a week later.

## II.    ANALYSIS

An order of contempt is "a most potent weapon," and is not entered lightly or without great consideration. *E.g.*, *Acosta v. La Piedad Corp.*, 894 F.3d 947, 950–51 (8th Cir. 2018). The party seeking such an order must prove facts that warrant a finding of contempt by clear and convincing evidence. *Id.* at 951. When considering whether a court's order has been violated, the specific facts and circumstances, as well as the reasonable beliefs of the party or its counsel are relevant. *Hazen v. Reagen*, 16 F.3d 921, 925 (8th Cir. 1994). The order must also specifically proscribe the challenged behavior. *E.g.*, *Finney v. Arkansas Bd. Of Correction*, 505 F.2d 194, 213 (8th Cir. 1974);

2

*see also Mahers v. Hedgepath*, 32 F.3d 1273, 1275 (8th Cir. 1994). Against this legal backdrop, Dr. Elsherif's challenge to Mayo's actions fails.

With respect to Mayo's initial failure to seal certain documents related to its Motion to Dismiss, the Court finds this issue is moot. The Court ordered those documents sealed in February 2020 after the issue was first brought before the Court. It is unclear why Dr. Elsherif waited two additional months before filing this motion, particularly after the situation was already resolved. Nothing about this relatively minor dispute merits the severe response of a contempt finding or sanctions.

With respect to the University of Minnesota subpoena, although the Court finds this allegation substantially more disconcerting, the Court finds that an order of contempt is not warranted. Critically, the Court's July 2019 Protective Order did not bar Mayo from ever seeking information or evidence from the University of Minnesota. Rather, it prohibited Mayo from serving the subpoena that the Court had reviewed. This important distinction somewhat mitigates Mayo's conduct.

Further, Mayo somewhat understandably believed that the reasons motivating the Court's original Protective Order were no longer relevant. Dr. Elsherif, an Egyptian national, is currently living in Egypt, cannot presently return to the United States, and his immigration status is, at best, uncertain. Although Dr. Elsherif purportedly remains in communications with the University regarding possible employment, it is easy to see how Mayo might reasonably believe that a concern regarding the impact of a subpoena on his job prospects has passed. Additionally, the Court rejected the original subpoena in part because there did not "seem to be specific information or evidence that could be gained from the University of Minnesota subpoena that [could not] be gained from the 13 other subpoenas that the Court [permitted]…." (Order, ECF 42, at 4.) Mayo could have reasonably believed that this underpinning of the original protective order was not relevant to the new subpoena. Though the subpoena at issue seeks some information that duplicates the subpoena prohibited by the Protective Order, it also now seeks specific information that can only be obtained from the University of Minnesota.

Additionally, although counsel for Mayo arguably demonstrated poor judgment in issuing a subpoena under the circumstances without first seeking leave, the Court finds no evidence of bad faith in its conduct. Though Mayo's counsel undoubtedly should have asked for clarification of the stay or sought other relief instead of

3

determining that the previous Court Order did not apply, counsel did not act in intentional disregard of a clearly controlling Court Order.  And Mayo's lack of bad faith is evidenced by its transparency.  There was no attempt to hide the subpoena from the Court.  Indeed, Mayo itself first brought the subpoena to the Court's attention.

Finally, the Court notes that the primary sanction requested by Dr. Elsherif, that the subpoena be dismissed, was already essentially granted.  Following the Court's first discussion of this matter with counsel and at the urging of the Court, the subpoena was withdrawn.  The Court makes permanent that concession in this Order.

In sum, the Court finds that monetary sanctions are not warranted here.  As discussed above, the record does not demonstrate clear and convincing evidence that Mayo intended to violate the Court's Protective Order.  When taking all the circumstances into consideration, the Court finds that monetary sanctions do not serve the means of justice here.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Dr. Elsherif's Motion for Order to Show Cause and for Order of Contempt (ECF No. 259) is DENIED.

2. Mayo Clinic is prohibited from re-serving the subpoena originally served on the University of Minnesota on March 30, 2020.

Date: July 13, 2020        *s/ Katherine Menendez*

           Katherine Menendez
           United States Magistrate Judge