## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mohamed Elsherif,                                      Civil No. 18-2998 (DWF/KMM)

             Plaintiff,

v.                                                              **MEMORANDUM**
                                                         **OPINION AND ORDER**

Mayo Clinic and Robert J. Spinner,

             Defendants.


This matter is before the Court for resolution of several interrelated disputes.  First

filed is Defendants' Motion to Strike Third Supplemental Declaration of Dr. Elsherif.

(Doc. No. 374.)  Second is Dr. Elsherif's Motion for Leave to File Amended

Memorandum Opposing Defendants' Motion for Summary Judgment with Non-Errata

Citations.  (Doc. No. 379.)  And third, Dr. Elsherif appeals the August 25, 2020 Order,

(Doc. No. 368), of United States Magistrate Judge Katherine M. Menendez.  (Doc.

No. 386).

## I.     APPEAL OF THE AUGUST 25, 2020 ORDER

The Court must modify or set aside any portion of the Magistrate Judge's order

found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a); D. Minn. LR 72.2(a).  This is an "extremely deferential standard."  *Reko v.*

*Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Dr. Elsherif disputes two aspects of the August 25, 2020 Order.  First, Dr. Elsherif

argues that Magistrate Judge Menendez erred in denying his motion to compel deposition

topic 20.  Second, Dr. Elsherif argues error in granting Defendants' motion to strike

errata entries.

### A.   Deposition Topic 20

Deposition Topic 20 sought Rule 30(b)(6) testimony on

> [Dr. Elsherif's] medical, psychiatric and occupational evaluation, treatment
> and EAP records with Mayo during and after his appoint with Mayo [ ]
> regarding or referring to [Dr. Elsherif's] "disclosed medical condition to
> Dr. Spinner and a member of Human Resources" set forth in Paragraph 21
> of Defendants' Answer.

(Doc. No. 390-1 at 7.)  The Magistrate Judge concluded that because Dr. Elsherif had not

sued Mayo Clinic in its capacity as his medical provider, but instead as his employer,

Mayo Clinic could not testify as to any of Dr. Elsherif's medical information.

(August 25, 2020 Order at 4.)

In appealing, Dr. Elsherif continues to ignore the distinction between Mayo Clinic

as his employer and Mayo Clinic as his health provider.  As the Magistrate Judge

concluded, this conflation of Mayo Clinic's roles prevents the deposition testimony Dr.

Elsherif seeks:  "Had Dr. Elsherif seen a non-Mayo Clinic provider, he could not demand

that his former employer testify as to his medical conditions, but instead would need to

obtain that information from his medical provider.  The present situation is no different."

(August 25, 2020 Order at 4.)  The Court agrees.  Dr. Elsherif may not combine Mayo

Clinic's dual roles here for his convenience.  The Magistrate Judge's decision as to Deposition Topic 20 was not clearly erroneous or contrary to law.

### B.      Motion to Strike Errata

Courts "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added). The errata sheet is not a *pleading*.  Fed. R. Civ. P. 8.  Thus, as courts in this District hold, "there is no such thing as a 'motion to strike'" in this context.  *See Carlson Mktg. Grp. v. Royal Indemnity Co.*, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (Schiltz, J.) (rejecting two motions to strike aimed at affidavits filed in connection with a summary judgment motion); *see also Smith v. United HealthCare Servs., Inc.*, 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003) (Montgomery, J.); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (Doty, J.).

That said, courts retain "discretion to strike substantive changes made in errata sheets, if the deponent fails to provide 'sufficient justification.'"  *Sanny v. Trek Bicycle Corp.*, 2013 WL 1912467, at *14 (D. Minn. May 8, 2013) (Montgomery, J.) (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010)); *see Murphy v. Piper*, 2018 WL 5875486, at *3 (D. Minn. Nov. 9, 2018) (Frank, J.).  Courts "may accept errata if the deponent provides persuasive reasons for why the proposed changes 'truly reflect the deponent's original testimony,' or if other circumstances satisfy the court." *Holverson v. ThyssenKrupp Elevator Corp.*, 2014 WL 3573630, at *12 (D. Minn. July 18, 2014) (Montgomery, J.) (quoting *EBC, Inc.*, 618 F.3d at 270).

Dr. Elsherif's deposition errata was undoubtedly an attempt at substantive change.

For example, Dr. Elsherif was asked:

| | |
|---|---|
| Question: | Do you think that Dr. Bydon is an excellent neurosurgeon? |
| Dr. Elsherif: | Yes. |
| Question: | Do you think he's honest? |
| Dr. Elsherif: | Yes. |

(Doc. No. 294-1 at 83.)  Dr. Elsherif sought to change this testimony as follows:

| | |
|---|---|
| Question: | Do you think that Dr. Bydon is an excellent neurosurgeon? |
| Dr. Elsherif: | Yes. |
| Question: | Do you think he's honest? |
| Dr. Elsherif: | No shockingly he is not honest because he participated with his boss Dr. Spinner in falsely accusing me with unauthorized access to non-public Mayo area and even falsified emails on the alleged incident.  This is not how honest individuals behave.  I never ever entered any of Mayo non-public areas after my termination.  Mayo did not and cannot produce any security footages showing date, time, location and my identity from any of those security cameras scattered everywhere because such incident never happened in the first place. |

(Doc. No. 294-1 at 9, 83.)  The reason for this change was "correcting inadvertently wrong answer."  (Doc. No. 294-1 at 9.)  This is only one example.  Dr. Elsherif's deposition errata are replete with substantive changes to testimony, both in reversing course on answers and drastically expanding upon answers.  These are beyond mere clarifications or corrections, they are attempts to flip the answers completely.  *See, e.g., Tholen v. Assist Am., Inc.*, 2019 WL 1724679, at *3 (D. Minn. Apr. 18, 2019) (Rau, J.) (discussing substantive changes to deposition errata).

Given the attempt at substantive change via the errata sheet, the Magistrate Judge next considered whether Dr. Elsherif proffered "sufficient justification" for the changes.

*Sanny*, 2013 WL 1912467, at \*14; *Murphy*, 2018 WL 5875486, at \*3.  The Magistrate

Judge considered Dr. Elsherif's three reasons—(1) his deposition lasted 9 hours; (2) his

counsel was prevented from cross-examination; and (3) he had no interpreter—and

properly concluded they were without support in fact or law.  The Magistrate Judge

concluded that his use of the deposition errata sheet was an inappropriate use of

Rule 30(e) and that "permitting such extensive changes" to a deposition transcript is

unjust and inefficient and would render deposition testimony meaningless.  (August 25,

2020 Order at 6, 8) (citing *Cham v. McNeilus Truck and Mfg.*, 2012 WL 12873768, at \*3

(D. Minn. July 9, 2012)).

Dr. Elsherif proffers a new reason on appeal to justify the substantive changes:

that Defendants' court reporter provided instructions stating:  "if there are changes in

form or substance, to sign a statement listing the changes and reasons for making them."

Dr. Elsherif argues that he should not be punished for complying with the court reporter's

instructions; that is, the plain language of the instructions indicate substantive changes

may be permissible.  Dr. Elsherif's argument is unavailing.  Dr. Elsherif is represented by

counsel, and a court reporter's instructions do not override counsel's obligations to be

learned in the law.  The argument that the court reporter's instructions "did [not] include

any of the above-cited cases by the Court," (Doc. No. 386 at 7), is confounding.  The

Federal Rules of Civil Procedure do not include an addendum of caselaw interpreting

their application, but counsel must still understand the contours and confines of the Rules

as interpreted by the courts nonetheless.  This is no different.  Rule 30(e) does not turn a

deposition into "a take home examination" that allows a deponent "to alter what was said under oath." *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, (W.D. La. 1992).

Here, the Magistrate Judge reviewed the entire errata sheet and determined that most, but not all, of the errata sheet should be stricken. That decision was not clearly erroneous or contrary to law.

## II.   MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE

Defendants seek to strike Dr. Elsherif's Third Supplemental Declaration. Conversely, Dr. Elsherif seeks leave to file an amended memorandum in opposition to Defendant's summary judgment motion that replaces the deposition errata citations with citations to the Third Supplemental Declaration.

A brief timeline is necessary. Dr. Elsherif was deposed on March 20, 2020. Dr. Elsherif thereafter submitted his deposition errata sheet. Defendants then moved to strike on May 15. While that motion was pending, Dr. Elsherif incorporated answers from the errata sheet into his opposition to Defendants' motion for summary judgment, filed August 10. The Court then issued its August 25, 2020 Order. Thereafter, on September 1–2, Dr. Elsherif filed his Third Supplemental Declaration with Deposition Errata Entries and Opposing Defendants' Motions for Summary Judgment and Dismissal and his motion for leave to file an amended memorandum. (Doc. Nos. 372, 379.) The Declaration's purpose is clearly stated:

> This Third Supplemental Declaration is submitted to replace my previous
> Deposition Testimony set forth in my Errata Sheets to my Deposition
> Transcript . . . that was citied in Plaintiff's Opposition to Defendant's
> Motion for Summary Judgment . . . and which was made necessary by the

6

Court's Order . . . filed August 25, 2020, which struck the forgoing cited portions of my Deposition Testimony.

(Declaration ¶ 3.)

Because the Court has already ruled that the deposition errata were an improper attempt to alter testimony under oath and must be disregarded, so too must a declaration that does the very same. It is an inappropriate end-run around a Court order and will not be permitted. Further, discovery in this matter closed generally on March 31, 2020, (Doc. No. 130), with the exception of Dr. Elsherif's deposition and expert discovery, (Doc. Nos. 130, 225.) The record is closed and the time has passed for Dr. Elsherif to generate and produce new discovery. Accordingly, Defendants' motion to strike is granted and Dr. Elsherif's motion to amend is denied.

## III.   CONCLUSION

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Appeal to Magistrate Judge's August 25, 2020 Order, (Doc. No. [386]), is **DENIED**. The August 25, 2020 Order, (Doc. No. [368]), is **AFFIRMED**.

2.      Defendants' Motion to Strike Third Supplemental Declaration of Dr. Elsherif, (Doc. No. [374]), is **GRANTED**. Dr. Elsherif's Third Supplemental Declaration, (Doc. No. [372]), is **STRICKEN**.

7

3.      Dr. Elsherif's Motion for Leave to File Amended Memorandum Opposing

Defendants' Motion for Summary Judgment with Non-Errata Citations, (Doc. No. [379]),

is **DENIED**.


Dated:  November 17, 2020              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge